IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT LEE BROWN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-956-JJF |
| COMMISSIONER CARL DANBERG, WARDEN PERRY PHELPS, CHRISTOPHER SENATO, LT. C. MORRIS, SGT. L. HARMON, and C/O JAMES DEMPSEY, | : |
| Defendants. | : |

Albert Lee Brown, Pro se Plaintiff.  James T. Vaughn Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

April 21, 2010
Wilmington, Delaware

Farnan, District Judge

Plaintiff Albert Lee Brown ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 4.) For the reasons discussed below, the Court will dismiss the claim against Defendant Carl Danberg ("Danberg") as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and will allow Plaintiff to proceed against the remaining Defendants.

I. BACKGROUND

Plaintiff reach an out-of-court settlement in a civil case he filed in the Delaware Superior Court in and for New Castle County, Delaware. He alleges that as a result of the lawsuit, he has been subjected to retaliation, verbal abuse by Defendants Sgt. L. Harmon ("Harmon") and C/O James Dempsey ("Dempsey"), and termination from his employment in the VCC kitchen. Plaintiff worked in the VCC kitchen for many years, but after the settlement he was cited, and found guilty, of numerous rule infractions. His appeal was denied. Plaintiff alleges that Defendant Lt. C. Morris ("Morris") was aware of the on-going harassment and the insensitive treatment directed towards him upon his return to work. On December 29, 2009, Morris told Plaintiff not to return to work until the disciplinary action was

1

resolved.[1] Plaintiff alleges that Defendants Warden Perry Phelps ("Phelps") and Christopher Senato ("Senato") failed to respond to his complaints and Commissioner Carl Danberg ("Danberg") advised him that he does not get involved in institutional matters.

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less

---

[1] Plaintiff must be mistaken as to the December 29, 2009 date. Plaintiff's Complaint was signed December 10, 2009, post-marked December 11, 2009, and docketed on December 14, 2009. Unless Plaintiff is omniscient, he could not have known that Morris would tell him not to return to work on December 29, 2009.

2

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir. 2002).

3

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.– , 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[2] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown -

---

[2]A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal,129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

4

that the pleader is entitled to relief." Iqbal,129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Plaintiff states that Danberg is "responsible for the operation of the Delaware Prison System." (D.I. 2.) Hence, it appears that Danberg is a named defendant based upon his supervisory position.

Liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted). A plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." Id. He must identify specific acts or omissions of

the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. Id.

In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)). There is nothing in the Complaint to indicate that Danberg was the "driving force [behind]" Plaintiff's alleged constitutional violation. Accordingly, the Court will dismiss the claim against Danberg as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B).

## IV. CONCLUSION

For the reasons discussed, the Court will dismiss the claims against Defendant Danberg as frivolous pursuant to 28 § 1915A(b)(1) and § 1915(e)(2)(B). Plaintiff will be allowed to proceed with his retaliation claim against the remaining Defendants.[3]

---

[3]Standing alone, the acts of verbal abuse and terminating Plaintiff from his employment do not rise to the level of a constitutional violation. However, Plaintiff alleges the acts are a result of a lawsuit he filed in State Court. In the retaliation context the Third Circuit has stated that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if

6

An appropriate Order will be entered.

---

motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." <u>Mitchell v. Horn</u>, 318 F.3d 523, 530 (3d Cir. 2003); <u>Allah v. Seiverling</u>, 229 F.3d. 220, 224-25 (3d Cir. 2000); <u>See</u> <u>also</u> <u>Williams v. Meyers</u>, 165 F. App'x 201 (3d Cir. 2006) (not published) (inmate alleged he was fired from his prison kitchen job in retaliation for filing grievances against his supervisor, summary judgment for defendant); <u>Toolasprashad v. Wright</u>, Civ. No. 02-5473 (JBS), 2006 WL 2264885 (D.N.J. Aug. 8, 2006) (inmate alleged he was fired from his prison kitchen job in retaliation for filing grievances against his supervisor, summary judgment for defendant); <u>Jefferson v. Wolfe</u>, Civ. No. 04-44 ERIE, 2006 WL 1947721 (W.D. Pa. July 11, 2006)(inmate alleged his right to free speech was violated when he was fired from prison job for writing to poems regarding injustice in the courts and later issued allegedly false misconduct reports, complaint survived Rule 12(b)(6) motion to dismiss).