## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT LEE BROWN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 09-956-LPS |
| | : |
| WARDEN PERRY PHELPS, et al., | : |
| | : |
| Defendants. | : |

Albert Lee Brown, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

## <u>MEMORANDUM OPINION</u>

July 30, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

## I.   INTRODUCTION

Plaintiff Albert Lee Brown ("Plaintiff"), an inmate at the James T. Vaughn Correctional

Center ("VCC") in Smyrna, Delaware, filed this action on December 14, 2009, alleging

constitutional violations pursuant to 42 U.S.C. § 1983.[1]  Presently before the Court is

Defendants' motion for summary judgment (D.I. 35).[2]  For the reasons that follow, the Court will

grant the motion.

## II.   BACKGROUND

In his Complaint (D.I. 2), Plaintiff alleges that he reached an out-of-court settlement in a

civil case he filed in the Delaware Superior Court in and for New Castle County ("Superior

Court").  Plaintiff claims that as a result of the lawsuit, he was subjected to retaliation, verbal

abuse by Defendant C/O James Dempsey ("Dempsey"), and termination from his employment in

the VCC kitchen.  Plaintiff worked in the VCC kitchen for many years but, after the settlement,

he was cited, found guilty of numerous rule infractions, and his appeal was denied.  Plaintiff

alleges that Defendant Lt. C. Morris ("Morris") was aware of the ongoing harassment and the

insensitive treatment that was directed towards him upon his return to work.  On December 29,

2008, Morris told Plaintiff not to return to work until the disciplinary action was resolved.[3]

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Defendants Commissioner Carl Danberg and Nikita Harmon have been dismissed. (*See* D.I. 6, 7, 28)

[3] The Complaint refers to 2009, but exhibits submitted to the Court indicate that the events took place in 2008. (*See* D.I. 35 Ex. A)

1

Plaintiff alleges that Defendants Warden Perry Phelps ("Phelps") and Christopher Senato ("Senato") failed to respond to his complaints. (*See* D.I. 2)

Dempsey, a correctional corporal at the VCC, was supervising inmates in the chow hall at the VCC on December 26, 2008. On that date, he cited Plaintiff for disrespect. At the time he cited Plaintiff, Dempsey did not know that Plaintiff had a prior lawsuit. Dempsey denies verbally abusing Plaintiff or taking any retaliatory action against him as a result of a prior lawsuit. (*See* D.I. 35 Ex. B at ¶¶ 1, 3-4)

During the relevant time period, Senato was the correctional food service director at the VCC. He states that Plaintiff was terminated from his kitchen job due to the nature of a prison violation wherein Plaintiff was found guilty of disrespecting an officer, a guilty finding that was affirmed on appeal.[4] He states the decision to terminate Plaintiff had nothing to do with any previous lawsuit filed by Plaintiff. (*See* D.I. 35 Ex. A Senato Aff. at ¶¶ 1, 3)

Defendants filed their motion for summary judgment on September 14, 2012. They seek summary judgment on the grounds that there is no evidence of unconstitutional retaliation and the claims raised against Phelps, Senato, and Morris are improperly based upon their roles as supervisors. (D.I. 35) Plaintiff did not timely file an opposition but, on November 30, 2012, filed a motion for leave to do so (D.I. 37). The Court granted the motion and gave Plaintiff twenty-one days from May 21, 2013 to file his opposition (D.I. 40). Plaintiff misplaced his copy of the motion for summary judgment and, on May 29, 2013, the Clerk of Court received a request from Plaintiff to provide him a copy of the pending motion. (*See* D.I. 41) On the same day,

---

[4]The infraction occurred on December 26, 2008 while Plaintiff was working in the chow hall. (D.I. 35 Ex. A)

Defendants served Plaintiff with another copy of the pending motion. (*See* D.I. 43)  Nonetheless, Plaintiff failed to file an opposition to the motion for summary judgment.

III.    **LEGAL STANDARDS**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986).  An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).  If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted).  The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  The Court will not grant the entry of summary judgment without considering the merits of Defendants' unopposed motion. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that district court should not have granted summary judgment solely on basis that motion for summary judgment was not opposed).

3

## IV.    DISCUSSION

### A.    Retaliation

Section 1983 imposes liability for retaliatory conduct by prison officials if the conduct was motivated "in substantial part by a desire to punish [the] individual for the exercise of a constitutional right," *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000) (internal quotation marks omitted), such as filing lawsuits and grievances related to incarceration. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). For Plaintiff to prevail, he must prove that: (1) the conduct leading to the alleged retaliation was constitutionally protected; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) his protected conduct was a substantial or motivating factor in the decision to discipline him. *See Alexander v. Fritch*, 396 F. App'x 867, 871 (3d Cir. Oct. 5, 2010). "[P]rison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001).

A prisoner's ability to file lawsuits against prison officials is a protected activity for purposes of a retaliation claim. *See Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. Dec. 23, 2009). The Complaint alleges that retaliation occurred as a result of Plaintiff filing and reaching an out-of-court settlement in a lawsuit filed in the Superior Court, *Albert Brown v. C/O Mique Rivera*, Civ. A. No. 07E-08-107-RRC. Thus, Plaintiff has alleged the first element of a retaliation claim. The second element requires a prisoner to show that he suffered some "adverse action" at the hands of the prison officials. A plaintiff can satisfy the second requirement by demonstrating that the "adverse" action "was sufficient to deter a person of ordinary firmness

4

from exercising his [constitutional] rights." *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000). Here, Plaintiff alleges that he has was cited for rule infractions, subjected to verbal abuse, and terminated from his prison job as a result of the Superior Court lawsuit. The third factor requires that there be a causal link between the exercise of the constitutional right and the adverse action taken against the prisoner.[5] *Rauser*, 241 F.3d at 333-34. "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

To establish the elements of a retaliation claim, a plaintiff must come forward with more than "general attacks" upon the defendant's motivations and must produce "affirmative evidence" of retaliation from which a jury could find that the plaintiff had carried his burden of proving the requisite motive. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (internal citations omitted). When analyzing a retaliation claim, courts consider that the task of prison administrators and staff is difficult, and that the decisions of prison officials require deference, particularly where prison security is concerned. *Rauser*, 241 F.3d at 334.

Here, Plaintiff alleges that the Superior Court lawsuit was the impetus for retaliation. However, there is no evidence before the Court other than Plaintiff's bare allegations regarding

---

[5]A causal link may be established by evidence of a temporal proximity between the prisoner's protected activity and the defendant's adverse action; however, the timing of the alleged retaliatory action must be suggestive of retaliatory motive. *See Lauren W. ex rel. Jean W. v. Deflaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (stating, to show causal connection, plaintiff must prove "either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link").

the lawsuit. It is unknown when the lawsuit was filed, the claims raised, or when it was settled. In addition, there is no evidence even of temporal proximity between the alleged protected conduct and the alleged retaliatory action.

Regardless, Plaintiff alleges that the lawsuit was the cause for his kitchen employment termination. Certainly the threat of losing a prison job could deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights. Again, however, Plaintiff failed to produced any evidence that the termination of his employment was the result of the Superior Court lawsuit or motivated by retaliatory animus. The undisputed evidence of record is that Plaintiff was terminated from his kitchen employment as a result of a guilty finding of disorderly conduct. Further, Plaintiff failed to produce any other evidence of retaliatory conduct. Notably, Dempsey, whom Plaintiff alleges is the principal antagonist, states that he was unaware that Plaintiff had a prior lawsuit and that he took no retaliatory action against Plaintiff. Dempsey's statement is not refuted.

For the above reasons, the Court finds that Plaintiff has failed to meet his burden of meeting the required elements for retaliation. Therefore, the Court will grant Defendants' motion for summary judgment.

### B.   **Respondeat Superior**

Defendants Phelps, Senato, and Morris also seek summary judgment on the grounds that the claims against them appear to based upon their roles as supervisors. Phelps is the warden at the VCC, Senato is the food service director at the VCC, and Morris is the lieutenant assigned to the day shift in the kitchen at the VCC.

A § 1983 claim cannot be premised upon a theory of respondeat superior. In order to

6

establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The record lacks any evidence of involvement by Phelps, Senato, and Morris, beyond mere allegations of their supervisory positions. Therefore, summary judgment will be granted on their behalf.

V.     **CONCLUSION**

For the above reasons, the Court will grant Defendants' motion for summary judgment (D.I. 35).

An appropriate Order follows.